*161 This was an indictment and conviction for selling unwholesome food, and the defendant has appealed in error to this Court.
The1 Circuit Judge charged the jury, that the defendant and his agent should -be held to ordinary prudence and care in ascertaining the true condition of the thing sold. If the pork was unsound, and the defendant might have known it by ordinary care and diligence on the part of himself or those employed by him in preparing it for market, he should be convicted, whether, in point of fact, he knew it or not. But if it was unsound, and the defendant did not know it, nor could have known it by ordinary and proper prudenGe and care, he would not be guilty. This charge seems to be sustained by the principles of the cases of Rex v. Burnett, 3 M. &. S., 11, and Rex v. Medley, 6 E. & P., 292, and by 1 Russell on Crimes, (7th Am., from. 3d London edition, 1853,) 109, 110. In the last named' case, as quoted by Russell, it is said to be an indictable-offence to convey the refuse of gas into a public river,, and thereby to render the waters corrupt, insalubrious, and unfit for the use of man; and the directors of a gas company are responsible for the acts done by their superintendent and engineer under a general authority to-manage the works, though they are personally ignorant of the plan adopted, and though such a plan be a departure from the original and understood method, which the directors had no reason to suppose was discontinued.;., for if persons, for their own advantage, employ servants to conduct works, they are answerable for what is done-by those servants. And in Rex v. Burnett the master-seems to have been held criminally liable for the acts- *162 of bis servants done in the course of their employment, where due care was not used by him in the sale of the noxious article.
The judgment will be affirmed.